# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

RICKY ASHLEY                                                                    PETITIONER
ADC #099718C

V.                          NO. 4:20-CV-00726-SWW-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction,
Arkansas Department of Correction[1]                                            RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

---

[1] Ashley erroneously identifies "Donald J. Trump" as the Respondent. Because Ashley seeks habeas relief, the correct respondent is "the person who has custody over [the petitioner]." 28 U.S.C. § 2254 Rule 2(a). The Clerk is directed to update the docket to reflect that Respondent is Dexter Payne, Director of the Arkansas Department of Correction's Division of Correction. *See* Ark. Code Ann. § 12-27-101 (eff. July 1, 2019) (establishing a Division of Correction to provide for the custody of adult offenders). Payne is automatically substituted as the Respondent pursuant to Fed. R. Civ. P. 25(d).

## I. Introduction

On June 8, 2020, Petitioner Ricky Ashley filed a § 2254 Petition for Writ of Habeas Corpus and a Motion for Leave to Proceed *In Forma Pauperis*. *Docs. 1 and 2*. Ashley claims President Trump has "illegally authorized" Arkansas Circuit Court Judge Gary Arnold, United States District Judge Susan Webber Wright, and the undersigned United States Magistrate Judge to "forge the records" in two state criminal cases. *Doc. 2 at 5*.[2]

Ashley attached a Judgment and Commitment Order from *State v. Ashley*, Lincoln County Cir. Ct. No. LCR-96-56-3 (December 1, 1997), and Sentencing Order from *State v. Ashley*, Saline County Cir. Ct. No. 63-CR-18-578 (August 27, 2018), without explaining *what* in those documents was "forged"; *who* committed the forgery; or *when* the forgery occurred. *Doc. 2*.

This Court recently dismissed two habeas actions filed by Ashley, in which he challenged his conviction and sentence that followed a parole revocation hearing before Judge Arnold in *State v. Ashley*, Saline County Cir. Ct. No. 63-CR-18-578. This Court dismissed Ashley's habeas cases, without prejudice, so that he could return to state court and exhaust his still available state remedies. *See Ashley v. Payne*, No. 4:19-cv-624-SWW/JTR (E.D. Ark.); *Ashley v. Payne*, No. 4:20-cv-203-

---

[2] Ashley supports this allegation with only his own malicious speculation that "records tampering and documentation forging has been being utilized against Blacks by Whites for years" and "no one knows how these corrupt judges will forge records nor when." *Doc. 2 at 5, 7*.

SWW/JTR.  Rather than returning to state court to exhaust his remedies, Ashley filed the pending habeas Petition, which asserts a frivolous and malicious conspiracy claim that is primarily directed against three judges whose only transgression was making decisions, *on the merits*, that he disagrees with.

## II. Discussion

After a § 2254 habeas Petition is filed, the Court is required to conduct an initial review of the claims, and dismiss the Petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4, Rules Governing § 2254 Cases in United States District Courts;  § 2254 Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions); 28 U.S.C. § 2243.

Additionally, 28 U.S.C. § 1915 requires the Court dismiss any prisoner case that only alleges claims that are frivolous or malicious.  *See* 28 U.S.C. 1915A(b) ("the court shall . . . dismiss the complaint . . . if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.").[3]  A complaint which contains both factual allegations and legal conclusions "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[3] "While it is important that no prisoner be denied justice because of his poverty, it is also important that the prison authorities, government counsel, and the courts be not harassed by patently repetitious, meritless, frivolous or malicious proceedings."  *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952).

Ashley provides absolutely no facts to support any of his *ad hominem* allegations about a conspiracy that extends from the White house to members of Arkansas's state and federal judiciary.[4] On the face of these allegations, Ashley's claims are so frivolous and malicious that it can only mean he is pursuing them in bad-faith and with a malevolent intent.

Finally, I recommend that the Order adopting this Recommendation place Ashley on notice that, if he initiates another habeas action in the Eastern District of Arkansas that is later determined to be frivolous, malicious, or fails to state a claim for relief, it will be dismissed and the Clerk will be directed not to file any more of his habeas petitions, without first obtaining permission from the Judge to whom the case is assigned.[5]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

---

[4] On the same day he initiated this habeas action, Ashley filed three other actions. One of those is a § 1983 lawsuit in which he alleges Justice Brett Kavanaugh provided "off the record . . . direct orders" to Judge Arnold, Judge Wright, and me to falsify Ashley's criminal records. *See Ashley v. Kavanaugh*, Case No. 4:20-cv-727-KGB (E.D. Ark) *at doc. 2*. It is unclear whether this means Ashley no longer believes President Trump is involved in the alleged conspiracy or he plans to file an amended habeas Petition adding Justice Kavanaugh as one of the alleged co-conspirators.

[5] This case represents the third habeas petition Ashley filed in a span of 9 months. Both of his prior habeas actions were dismissed due to his failure to exhaust his available state remedies. Ashley appealed both dismissals to the Eighth Circuit Court of Appeals. *See Ashley v. Payne*, No. 4:19-cv-624-SWW/JTR (E.D. Ark.), Case No. 20-1103 (8th Cir.); *Ashley v. Payne*, No. 4:20-cv-203-SWW/JTR (E.D. Ark.), Case No. 20-2210 (8th Cir.).

1. Ashley's Motion for Leave to Proceed *In Forma Pauperis* be GRANTED.

2. Ashley's habeas Petition be dismissed.

3. Ashley be placed on notice that if he files any new habeas petition in the Eastern District of Arkansas that is summarily dismissed, the Clerk may be directed not to file any future habeas Petitions submitted by Ashley without prior approval from the Judge to whom the case is assigned.

4. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 18th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE